UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTINE JONES                                         CIVIL ACTION

VERSUS                                                  NUMBER: 15-6383

SOCIAL SECURITY ADMINISTRATION                          SECTION: "N"(5)

**REPORT AND RECOMMENDATION**

The above-captioned matter is an action brought pursuant to 42 U.S.C. §405(g) seeking judicial review of an adverse decision of the Commissioner of the Social Security Administration. (Rec. doc. 1). Plaintiff's application for leave to file this matter *in forma pauperis* ("IFP") was granted by the Court on December 2, 2015. (Rec. doc. 3). On December 4, 2015, three summons were issued by the Clerk's Office and were forwarded to Plaintiff along with an instructional letter ("pauper letter") advising her that the U.S. Marshal was available to effect service on her behalf under Rule 4(c)(3), Fed. R. Civ. P., upon being furnished with the necessary paperwork. (Rec. docs. 3, 4). In accordance with Local Rule 16.2, after over 90 days had passed since this lawsuit was filed and a review of the record revealed that no service returns or waivers of service had been filed herein indicating that service had been properly made on the named Defendant, Plaintiff was ordered to show cause, in writing and on or before March 25, 2016, as to why her lawsuit should not be dismissed for failure to prosecute. [1]/  (Rec. doc. 5).

---

[1]/ Effective December 1, 2015, the presumptive period of time within which to serve a defendant was reduced from 120 days to 90 days. Rule 4(m), Fed. R. Civ. P. By General Order dated December 2, 2015, the Chief Judge directed that the amendment to Rule 4(m) apply to all cases filed on or after December 1, 2015, to the extent practicable, unless otherwise ordered by the presiding judge. Plaintiff's lawsuit was filed on December 1, 2015 (rec. doc. 1); thus, the amendment to Rule 4(m) applies.

On March 21, 2016, Plaintiff filed a "Reply and Summary Brief to Court Order" in which she largely argued the merits of her lawsuit against the Social Security Administration. (Rec. doc. 6). Given Plaintiff's *pro se* status, on March 24, 2016 the Court issued an order granting her until April 29, 2016 within which to have the Defendant properly served and to have proof thereof filed in the record, again advising her of the availability of the U.S. Marshal to accomplish that task as was explained in the pauper letter that was provided to her at the inception of the case, another copy of which was attached to the order. (Rec. doc. 7). A copy of the Court's order of March 24, 2016 and its attachment were mailed to Plaintiff at her address of record and have not been returned as undeliverable. Unfortunately, proof of service is still absent from the record despite the fact that this lawsuit has been pending for over five months.

Rule 4(m), Fed. R. Civ. P., provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The jurisprudence has come to expect strict compliance with the service rules within the 90-day period prescribed by Rule 4(m) and its predecessor. *See, e.g., Lambert v. United States*, 44 F.3d 296 (5th Cir. 1995); *Peters v. United States*, 9 F.3d 344 (5th Cir. 1993); *McGinnis v. Shalala*, 2 F.3d 548 (5th Cir. 1993), *cert. denied*, 510 U.S. 1191, 114 S.Ct. 1293 (1994); *Trania v. United States*, 911 F.2d 1155 (5th Cir. 1990).

It has now been over five months since this lawsuit was filed and proof of service on the named Defendant is lacking. By scheduling the rule to show cause, the Court hoped to

bring this deficiency to the attention of Plaintiff and to impress upon her the need to prosecute her case. Despite Plaintiff's largely unresponsive filing in response to the rule to show cause, the Court granted her an additional 39 days within which to have the Defendant served and to have proof of service filed in the record. Unfortunately, as far as the record reflects, no further efforts with respect to service have been taken. As Plaintiff is proceeding *pro se* in this matter, these failures are attributable to her alone. Accordingly, it will be recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's suit be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc). [2]

New Orleans, Louisiana, this  3rd  day of _____ May _____, 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.